## FISHER *v.* WARDEN OF MARYLAND HOUSE OF CORRECTION

[H. C. No. 23, October Term, 1950.]

*Decided March 14, 1951.*

Before MARBURY, C. J., and DELAPLAINE, COLLINS, GRASON, HENDERSON and MARKELL, JJ.

MARKELL, J., delivered the opinion of the Court.

This is an application for leave to appeal from refusal of a writ of *habeas corpus.* Petitioner is imprisoned under sentence of five years for assault. He alleges principally facts intended to show that the prosecuting witness, and not he, was guilty of an assault, a question which cannot be reviewed on *habeas corpus.* He also alleges that he was denied his constitutional rights to compulsory process for witnesses and to counsel, but he does not allege facts which show denial of any such right. He says the court asked whether he had counsel and was told he had not, but he does not allege that he asked opportunity to employ counsel (which in this court he says he was financially unable to do) or asked the court to appoint counsel for him or allege any circumstances relating to the case or to petitioner which might have required appointment of counsel. He says his witnesses were "not allowed to take the stand" because the State's Attorney said they could not help petitioner. He does not allege that he called, or asked permission to call, his own witnesses. *State, ex rel. Stovall v. Wright,* 191 Md. 749, 60 A. 2d 197. He alleges that his "commitment is illegal" and that certain constitutional provisions have been violated, but alleges no facts relating to the commitment or to these constitutional provisions. There is no copy of the commitment in the record.

*Application denied, with costs.*